UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WYATT GEANS,

    Plaintiff,                                          Civil Action No. 10-CV-13160

vs.                                                     HON. BERNARD A. FRIEDMAN

OXFORD BANK,

    Defendant.
_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S<br>MOTIONS FOR A TEMPORARY RESTRAINING ORDER**

        This matter is presently before the court on plaintiff's "petition for temporary injunction" (docket entry 2) and "petition for restraining order" (docket entry 3), which likewise seeks a temporary restraining order. Pursuant to E.D. Mich. LR 7.1(f)(2), the court shall decide these motions without oral argument.

        From the complaint and the motion papers, it appears that defendant has initiated foreclosure proceedings to take possession of plaintiff's home following plaintiff's default on his mortgage loan. Plaintiff indicates that he refinanced this loan with defendant, although he does not indicate when or where this transaction occurred or provide any of the underlying documentation. Plaintiff states "defendant[] has made it known to petitioner that eviction from the property is imminent." Pet. for Restraining Order at 2. Plaintiff asserts claims for breach of fiduciary duty, negligence, fraud, breach of implied covenant of good faith and fair dealing, violations of the Truth in Lending Act ("TILA"), and intentional infliction of emotional distress. For relief he seeks an injunction, rescission of the loan, damages, interest and attorney fees.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "District courts assess four factors in analyzing a preliminary injunction issue: (1) whether the plaintiff has a strong likelihood of succeeding on the merits; (2) whether the plaintiff will suffer irreparable injury absent the injunction; (3) whether issuing the injunction will cause substantial harm to others; and (4) whether the public interest will be furthered by the issuance of the injunction. Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). Further, when the movant seeks a temporary restraining order without notice to the opposing party, additional requirements must be met. Under Fed. R. Civ. P. 65(b)(1), such relief may be granted only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In the present case, the court shall decline to issue the requested temporary injunction because plaintiff has not demonstrated it is likely he will prevail on the merits and because he has not complied with the requirements of Rule 65(b)(1).[1] While plaintiff's complaint makes sweeping

---

[1] In addition, a number of statements in the complaint suggest that the foreclosure at issue in this case is currently being litigated in state court. Plaintiff asserts in his complaint that "Lender has no legal standing to bring collection or foreclosure claims"; "Defendants claim a controversy based on a contractual violation . . ."; "Defendants lack standing to invoke the subject matter jurisdiction of the court"; "Nothing in the pleadings of Defendants indicates the existence of a special purpose vehicle . . ."; and "the Motion to Dismiss should be denied." Original Petition, pp. 6, 8, 9, 22. If the foreclosure at issue here is already being litigated in state court, this court most likely would abstain – and certainly would not issue the injunctive relief

allegations regarding a "carefully crafted criminal connivance" among various entities within the "real estate industry," he has not shown that defendant engaged in any such wrongdoing. As noted above, plaintiff has not attached any of the loan documents or even indicated when the loan was made. The specific factual showing required by Rule 65(b)(1)(A) is entirely absent. Nor has plaintiff explained why his motions for a temporary restraining order should be considered on an *ex parte* basis, or why he has not attempted to serve defendant with his complaint or motion papers.

Under these circumstances, the court concludes that plaintiff has failed to demonstrate his entitlement to an *ex parte* temporary restraining order. Accordingly,

IT IS ORDERED that plaintiff's "petition for temporary injunction" (docket entry 2) and plaintiff's "petition for restraining order" (docket entry 3) are denied.

                                                S/Bernard A. Friedman
                                                BERNARD A. FRIEDMAN
                                                SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 19, 2010
      Detroit, Michigan

---

presently being requested – so as not to interfere with an ongoing state court proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971).