14

1  Wyatt Geans
2  11966 Stark Road
3  Livonia MI  48150
4

5              UNITED STATES DISTRICT COURT
6              EASTERN DISTRICT OF MICHIGAN

**Wyatt Geans**

Plaintiff,

vs.

**Oxford Bank**

Defendant

Case # 10-13160

Honorable Judge Friedman

**RESPONSE TO RULE 12 MOTION**

FILED 10 SEP -9 20

Date Sept. 9th 2010

9   (1)  The Plaintiff, in his Original Petition, plead that Defendant charged false fees as
10       stipulated to Plaintiff as listed on the HUD 1 Settlement Statement, included as Exhibit 1.
11       Plaintiff specifically plead that Defendant, at the time of settlement of the contract,
12       Defendant failed to provide documentation to establish that said fees were not included in
13       those fees expressly addressed by the Real Estate Settlement Procedures Act as forbidden
14       to be charged to Plaintiff at settlement.

15  (2) Plaintiff stipulated each fee charged with particularity.  Plaintiff calculated the precise
16      amount that Plaintiff would have overpaid the note had Plaintiff paid off the note as
17      stipulated by the Truth In Lending Statement provided by Defendant (see Exhibit 2).
18      Plaintiff specifically alleged that said fees were fraudulent.  Plaintiff alleged that
19      Defendant failed to provide full disclosure by failing to provide documentation to prove
20      that the above fees were authorized by law, that the services alleged provided were
21      necessary, that the amount charged for each service was necessary, and that Defendant
22      did not take an undisclosed markup on said fees.

23  (3) Plaintiff further alleged that Defendant, acting in concert and collusion with the loan
24      broker, toward the perpetration of a carefully contrived connivance, provided the
25      amounts listed in the HUD 1 Settlement Statement, to the loan broker as an undisclosed
26      yield spread premium.  Said undisclosed yield spread premium is alleged to be in

RESPONSE TO RULE 12 MOTION  &  MOTIONS FOR SANCTIONS           1 of 12

addition to the one percent loan origination fee, charged to Plaintiff, as allowed by law. Plaintiff alleged that said payment to the broker of undisclosed yield spread premium was a predicate act intended to improperly influence loan broker to misrepresent facts to Plaintiff, to give partial disclosure of those facts which would appear favorable to the intent of the loan broker, while failing to give full disclosure of other facts that would not seem favorable to the contract.

(4) By the above, Plaintiff stated a claim for which recovery could be had, and therefore, Defendant's motion to dismiss is frivolous. Plaintiff moves the court to deny Defendant's pleading, or, in the alternative, treat Defendant's pleading as a request for more definite statement, in which case, Plaintiff will provide a more definite statement as requested.

(5) Further, Plaintiff moves the court to order sanctions against Defendant for filing a frivolous pleading and for failing to speak with candor to the court as Defendant is totally inept or acted with deliberate intent to improperly influence the court with false pleadings.

**PLAINTIFF MADE CLAIMS WITH SPECIFICITY AND PARTICULARITY**

(6) Plaintiffs alleged that the original lender overpaid the loan originator, with fees improperly charged to Plaintiff at closing in order to induce the originator of the loan to breach his fiduciary duty to Plaintiff. By doing this, they committed common law fraud by making false statements to Plaintiff in order to convince Plaintiff that Plaintiff only qualified for a more expensive loan product than Plaintiff actually qualified for. Plaintiff is prepared to prove up said claims after discovery, at a trial on the merits.

(7) Plaintiff alleged that Defendant(s) made partial disclosure of alleged facts concerning the conditions of the loan which is the basis for the issuance of the security instrument and lien document at issue. Plaintiff is prepared to prove at trial, after complete discovery that Defendant(s) failed to give full disclosure of facts that, if disclosed would have caused Plaintiff to make a different decision than the one made.

(8) Plaintiff alleged that the trustee, at closing, executed a carefully contrived connivance intended to apply undue pressure on Plaintiff in an effort to effect lack of full disclosure to Plaintiff and induce Plaintiff to enter into a contract without said full disclosure. Plaintiff is prepared to provide proof, at trial, sufficient to convince a jury.

(9) Plaintiff alleges that, at closing, false fees were charged to Plaintiff by lender. Said allegations are reiterated below with specificity. Plaintiff alleged that the original lender sold the security instrument immediately after closing, but failed to transfer the lien document to the purchaser of said security instrument. Plaintiff is prepared to prove, subsequent to discovery, that the lender, while still holding the security instrument, received consideration and, therefore, could not be harmed rendering the lien unenforceable.

(10) Plaintiff alleged, and is prepared to prove at trial, that the lender maintained possession of the lien document in order to be able to file an IRS Form 1099a and write the entire amount of the original note off lender's capital gains tax and, thereby, receive consideration a second time.

(11) Plaintiff alleged, and is prepared to prove at trial that, the original security instrument, if said instrument still exists, may give the holder a claim against the signator, but have no claim against the property.

(12) Plaintiff alleged, and is prepared to prove at trial that, Oxford Bank , and the attorneys claiming to represent same, have committed fraud by representing to the court that Oxford Bank is as real party in interest in the contract of sale and has standing to take said property from defendant when no such claim exists.

(13) Plaintiff has alleged, and is prepared to prove at trial, that the defendant(s), by claiming standing to express the provisions of the contract of sale and lien, claim to be real parties in interest and, therefore, under the Federal Trade Commission Holder Rule 16 CFR 433, are subject to any claim Plaintiff may have against the original lender.

### A. LENDER CHARGED FALSE FEES

(14) Lender charged fees to Plaintiff that were in violation of the limitations imposed by the Real Estate Settlement Procedures Act as said fees were simply contrived and not paid to a third party vendor.

(15) Lender charged other fees that were a normal part of doing business and should have been included in the finance charge.

85   (16) Below is a listing of the fees charged at settlement. Neither at settlement, nor at any
86   other time did Lender or Trustee provide documentation to show that the fees herein listed
87   were valid, necessary, reasonable, and proper to charge Petitioner.

| | |
|---|---:|
| 804 Credit Report | $19.70 |
| 813 Closing Fee | $150.00 |
| 814 Flood Zone Certification Fee | $10.00 |
| 816 BPO Fee | $58.00 |
| 901 Interest from 02/24/09 to 03/01/09 | $193.46 |
| 1001 Hazard Insurance | $119.01 |
| 1002 Mortgage Insurance | $336.06 |
| 1003 City Property Taxes | $1,040.00 |
| 1004 County Property Taxes | $410.00 |
| 1108 Title Insurance | $616.30 |
| 1201 Recording Fee | $53.00 |
| 1306 Homeowners Insurance | $366.00 |
| 1307 2009 Summer Tax | $1,310.64 |
| 1308 2008 Winter Tax | $980.26 |

88   (17) Debtor is unable to determine whether or not the above fees are valid in accordance
89   with the restrictions provided by the various consumer protection laws. Therefore it was
90   demanded to please provide;

91     a. a complete billing from each vendor who provided the above listed services;

92     b. the complete contact information for each vendor who provided a billed service;

93     c. clearly stipulate as to the specific service performed;

94     d. a showing that said service was necessary;

95     e. a showing that the cost of said service is reasonable;

96     f. a showing of why said service is not a regular cost of doing business that should
97        rightly be included in the finance charge.

98   (18) The above charges have been disputed and deemed unreasonable until such time as
99   said charges have been demonstrated to be reasonable, necessary, and in accordance with

RESPONSE TO RULE 12 MOTION  &  MOTIONS FOR SANCTIONS          4 of 12

the limitations and restrictions included in any and all laws, rules, and regulations intended to protect the consumer.

(19) In the event lender fails to properly document the above charges, borrower will consider same as false charges. The effect of the above amounts that borrower would pay over the life of the note will be an overpayment of $45,274.50. This amount will be reduced by the amount of items above when said items are fully documented.

**B. RESPA PENALTIES**

(20) From a cursory examination of the records, with the few available, the apparent RESPA violations are as follows:

    a. Good Faith Estimate not within limits

    b. No HUD-1 Booklet

    c. Truth In Lending Statement not within limits compared to Note

    d. Truth in Lending Statement not timely presented

    e. HUD-1 not presented at least one day before closing

    f. No Holder Rule Notice in Note

    g. No 1st Payment Letter

        1. No signed and dated :

        2. Financial Privacy Act Disclosure;

        3. Equal Credit Reporting Act Disclosure;

        4. notice of right to receive appraisal report;

        5. servicing disclosure statement;

        6. borrower's Certification of Authorization;

        7. notice of credit score;

        8. RESPA servicing disclosure letter;

124          9. loan discount fee disclosure;

125          10. business insurance company arrangement disclosure;

126          11. notice of right to rescind.

127

128 (21) The courts have held that the borrower does not have to show harm to claim a violation of
129 the Real Estate Settlement Procedures Act, as the Act was intended to insure strict compliance.
130 And, in as much as the courts are directed to assess a penalty of no less than two hundred
131 dollars and no more than two thousand, considering the large number enumerated here, it is
132 reasonable to consider that the court will assess the maximum amount for each violation.

133 (22) Since the courts have held that the penalty for a violation of RESPA accrues at
134 consummation of the note, borrower has calculated that, the number of violations found in a
135 cursory examination of the note, if deducted from the principal, would result in an
136 overpayment on the part of the borrower, over the life of the note, of $183,839.61.

137 (23) If the violation penalty amounts for each of the unsupported fees listed above are
138 included, the amount by which the borrower would be defrauded is $215,276.17

139 (24) Adding in RESPA penalties for all the unsupported settlement fees along with the
140 TILA/Note variance, it appears that lender intended to defraud borrower in the amount of
141 $444,390.28

142

143                           **MORE DEFINITE STATEMENT**

144

145 (26) Plaintiff is willing to prepare a more definite statement for the court. Subsequent to the
146 filing of the original complaint, Plaintiff has made inquiry and found evidence of knowing and
147 deliberate criminal acts by lenders intended to defraud Plaintiff of Plaintiff's property and is
148 prepared to file a more definite statement with the court.

149            **CONCLUSION**

150  (27) Plaintiff maintains that Defendant(s) motion of dismissal is frivolous and that counsel, in
151  making said claim, has failed to speak with candor with the court. Plaintiff moves the court for
152  sanctions against counsel, which is included as a separate motion and to deny counsel's motion
153  to dismiss.
154
155
156
157  **Respectfully Submitted,**
158
159  */s/ Wyatt Geans*
160  Wyatt Geans
161
162
163
...
196

Wyatt Geans
11966 Stark Road
Livonia MI 48150

UNITED STATES DISTRICT COURT

EASTERN DISCTRIC OF MICHIGAN

**Wyatt Geans**

Plaintiff,

vs.

**Oxford Bank**

Defendant

Case# 10-13160

MOTION FOR RULE 11 SANCTIONS

Date Sept. 9th 2010

PLAINTIFF'S MEMORANDUM IN

SUPPORT OF MOTION FOR RULE 11 SANCTIONS

Plaintiff asks the court to impose sanctions against Patrick N. Butler Esq, counsel for Defendant, hereinafter referred to counsel for Defendant, for filing Defendants Answer in violation of Federal Rule of Civil Procedure 11(b).

A. Introduction

1. Plaintiff is Wyatt Geans defendant is Oxford Bank.

2. Plaintiff sued defendant for numerous violations including but not limited to violations of the Truth In Lending Act, The Real Estate Settlement Procedures Act, The Home equity Protection Act, Fraud, Common law Fraud, Breach of Fiduciary duties, .Et Al.

3. On 8-31-10 counsel for Defendant filed defendants answer.

B. Argument

5. The court may impose sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or other paper for an improper purpose, such as to harass or cause

218   unnecessary delay or expense. Fed. R. Civ. P. 11(b)(1), (c)(1). Also, the court may impose
219   sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or
220   other paper that includes any of the following: (1) claims, defenses, or contentions not
221   warranted by existing law or by a good-faith argument for extending, modifying, or reversing
222   existing law or for establishing new law; (2) allegations that do not have, or are unlikely to have
223   after a reasonable investigation, evidentiary support; or (3) denials unwarranted by the evidence.
224   Fed. R. Civ. P. 11(b)(2)-(4), (c)(1).

225   6. counsel for Defendant's filing of "Defendants Answer" violated Rule 11 because
226   counsel for Defendant filed the document for an improper purpose, such as to harass, cause an
227   unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1);
228   *Mercury Air Group, Inc. v. Mansour*, 237 F.3d, 542, 548 (5th Cir. 2001). Specifically, The
229   answer or affirmative defenses make bald allegations that claims are stated improperly, that the
230   court lacks jurisdiction over the Defendant. However, the Defendant failed to offer any further
231   information as to HOW his defenses are justified, or how Plaintiff specifically failed to meet
232   Federal Rules of Civil Procedure. This is seemingly a waste of time, and intentionally done to
233   cause unnecessary delay, and cost to the Plaintiff.

234   7. Before imposing sanctions, the court should determine whether the party or the attorney
235   made a reasonable inquiry into the facts or the law before signing and presenting the document.
236   *See* Fed. R. Civ. P. 11(b); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364-65 (9th
237   Cir. 1990). The court should impose sanctions against counsel for Defendant because he did not
238   make a reasonable inquiry into the facts or law before filing the answer He offered no court
239   cases, information, rules or procedures as to how, why, or what specifically failed to meet the
240   criteria he uses as a defense.

241   8. The court should impose the following sanctions: Monetary Sanctions, and Striking Of
242   Pleadings of the defendant. The requested sanctions are sufficient to deter repetition of the
243   sanctionable conduct.Fed. R. Civ. P. 11(c)(4); *Fries v. Helsper*, 146 F.3d 452, 458-59 (7th Cir.
244   1998). Plaintiff suit makes very strong claims and allegations, which can be proved through
245   discovery, and demands that his complaint be taken seriously. Counsel for Defendant failed to
246   address the suit with specificity, and by the court allowing sanctions in this case, the counsel will
247   take the case with serious intention.

248

### C. Conclusion

9. Defendants answer failed to address with specificity, as to why the defenses counsel for Defendant used, were valid. They are wasting the time of the Plaintiff and the Court, and are shaddowing the seriousness of the case at hand. For these reasons, Plaintiff asks the court to impose sanctions of a monetary amount to be determined by the court, and a Striking of Defendants answer in its entirety.

**Respectfully Submitted,**

*/s/ Wyatt Geans*

**Wyatt Geans**

**VERIFICATION**

I, Wyatt., do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

Wyatt Geans
11966 Stark Road
Livonia, MI 48150

SWORN TO AND SUBSCRIBED BEFORE ME, _Roxana Muntean_, by _Wyatt Geans_ ____, on the 9th day of September, 2010, which witnesses my hand and seal of office.

_Roxana Muntean_
**NOTARY PUBLIC IN AND FOR THE STATE OF MICHIGAN**

ROXANA MUNTEAN
Notary Public, Wayne County, Michigan
Acting in Wayne County, Michigan
My Commission Expires October 25, 2012

320          CERTIFICATE OF SERVICE

321    I, Wyatt Geans , do swear and affirm that I have served a signed copy of this Response to Rule
322    12 motion & Motion For Sanctions to any and all defendants by way of U.S.P.S. Certified mail #
323    _____ and return receipt, regular mail, and via facsimile #
324    _____, and noticed by telephone On the 9th day of September, 2010..

325
326
327    *[signature]*
328    Wyatt Geans
329    11966 Stark Road
330    Livonia MI 48150
331

332    The Person above, who proved to me on the basis of satisfactory evidence to be the person

333    whose name is subscribed to this document and acknowledged to me that he/she executed the

334    same in his authorized capacity and that by his signature on this instrument who is the person

335    who executed this instrument.

336    I certify under PENALTY OF PERJURY under the laws of this State that the foregoing

337    paragraph is true and correct.

338

339    Witness my hand and official seal.

        ROXANA MUNTEAN
        Notary Public, Wayne County, Michigan
        Acting in Wayne County, Michigan
        My Commission Expires October 25, 2012

340

341    *Roxana Muntean* _____

342    **NOTARY PUBLIC IN AND FOR**           **Notary Seal**
343    **THE STATE OF MICHIGAN**

# Settlement Statement

Optional Form for Transactions without Sellers

U.S. Department of Housing
and Urban Development

OMB Approval No:2502-0265
(expires 11/30/2009)

| Name and Address of Borrower: | Name and Address of Lender: |
|---|---|
| WYATT GEANS<br>11966 STARK ROAD<br>LIVONIA, MI 48150 | OXFORD BANK<br>60 SOUTH WASHINGTON, P.O.BOX 17, OXFORD, MI 48371 |
| Property Location: (if different from above)<br>11966 STARK ROAD<br>LIVONIA, MI 48150 | Settlement Agent: OXFORD BANK<br>Place of Settlement:<br>64 SOUTH WASHINGTON |
| Loan Number: 166702 | Settlement Date: 02/24/09 |

[B=Borrower | S=Seller | L=Lender | K=Broker | R=Branch | O=Other]

| L. Settlement Charges | | | 1308. 2008 WINTER TAX | $980.26 |
|---|---|---|---|---|
| 800. Items Payable in Connection With Loan | | Borrower Pays | 1309. HOMEOWNERS INSURANCE | $366.00 |
| 801. Loan Origination Fee % to | | | 1400. Total Settlement Charges (enter on line 1602) | $4,890.08 |
| 802. Loan Discount % to | | | M. Disbursement to Others | Borrower Pays |
| 803. Appraisal Fee to | | | 1501. OXFORDBB | $172,002.28 |
| 804. Credit Report to CBC | | $19.70 | 1502. | |
| 805. Lender's Inspection Fee to | | | 1503. | |
| 806. Mortgage Insurance Application Fee to | | | 1504. | |
| 807. | | | 1505. | |
| 808. MTG BROKER FEE | | | 1506. | |
| 809. TAX SERVICING FEE | | | 1507. | |
| 810. PROCESSING FEE | | | 1508. | |
| 811. UNDERWRITING FEE | | | 1509. | |
| 812. | | | 1510. | |
| 813. OXFORD BANK CLOSING FEE | | $150.00 | 1511. | |
| 814. FLOOD ZONE CERTIFICATION FEE TO LPS | | $10.00 | 1512. | |
| 816. BPO FEE | | $58.00 | 1513. | |
| 900. Items Required By Lender To Be Paid in Advance | | | 1514. | |
| 901. Interest from 02/24/09 to 03/01/09 5 @ $38.6914 / day | | $193.46 | 1515. | |
| 902. UPFRONT PMI to | | | Additional Disbursements | |
| 903. Hazard insurance Premium for Years to CITIZENS | $476.04 (POC B) | | | |
| 904. | | | | |
| 1000. Reserves Deposited With Lender | | | | |
| 1001. Hazard Insurance 3 months @ $39.67 per month | | $119.01 | | |
| 1002. Mortgage Insurance 2 months @ $168.03 per month | | $336.06 | | |
| 1003. City Property Taxes 10 months @ $104.00 per month | | $1,040.00 | | |
| 1004. County Property Taxes 5 months @ $82.00 per month | | $410.00 | | |
| 1005. Annual Assessments months @ per month | | | | |
| 1006. Aggregate Adjustment | | $-772.35 | | |
| 1100. Title Charges | | | | |
| 1101. Settlement or closing fee to | | | | |
| 1102. Abstract or title search to | | | | |
| 1103. Title examination to | | | | |
| 1104. Title insurance binder to | | | | |
| 1105. Document preparation to | | | | |
| 1106. Notary fees to | | | | |
| 1107. Attorney's fees to | | | | |
| (includes above items numbers: ) | | | | |
| 1108. Title insurance to MICHIGAN BANKERS TITLE OF MID MICH | | $616.30 | | |
| (includes above items numbers: ) | | | | |
| 1109. | | | 1520. TOTAL DISBURSED (enter on line 1603) | $172,002.28 |
| 1110. | | | N.  NET SETTLEMENT | |
| 1111. | | | 1600. Loan Amount | $176,875.00 |
| 1200. Government Recording and Transfer Charges | | | 1601. Plus Cash/Check from Borrower | $17.36 |
| 1201. Recording fees: Deed ; Mortgage ; Releases ; DEED $0.00;MORTGAGE $53.00;RELEASES $0.00 | | $53.00 | 1602. Minus Total Settlement Charges (line 1400) | $4,890.08 |
| 1202. City/County/Stamps: Deed ; Mortgage ; | | | 1603. Minus Total Disbursements to Others (line 1520) | $172,002.28 |
| 1203. State Tax/Stamps: Deed ; Mortgage ; | | | 1604. Equals Disbursements to Borrower (after expiration of any applicable rescission period required by law) | |
| 1204. | | | | |
| 1205. | | | | |
| 1300. Additional Settlement Charges | | | | |
| 1301. Survey to | | | | |
| 1302. Pest Inspection to | | | | |
| 1303. | | | | |
| 1304. | | | | |
| 1305. | | | | |
| 1307. 2008 SUMMER TAX | | $1,310.64 | | |

- BORROWER - WYATT GEANS - DATE - 2·24·09

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

Date: FEBRUARY 24, 2009
Lender: OXFORD BANK
Borrower(s): WYATT GEANS
Property Address: 11966 STARK ROAD, LIVONIA, MI 48150

GEANS
Loan #: 166702

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.148% | $78,862.43 | $176,127.48 | $254,989.91 |

You have the right to receive at this time an Itemization of the Amount Financed.
☒ I want an Itemization.    ☐ I do not want an Itemization.

Payments: Your payment schedule will be:

| Number of Payments | Monthly Payments of* | Payments are Due Monthly beginning: | Number of Payments | Monthly Payments of | Payments are Due Monthly beginning: |
|---|---|---|---|---|---|
| 59 | 1,450.50 | APRIL 1, 2009 | | | |
| 1 | 169,410.41 | MARCH 1, 2014 | | | |

☐ **Demand Feature:** This loan has a demand feature
☐ **Variable Rate:** Disclosures about the variable rate feature have been provided to you earlier.
☒ **Variable Rate** Not Applicable

**Security:** You are giving a security interest in the property located at 11966 STARK ROAD, LIVONIA, MI 48150.

**Late Charge:** If a payment is not received by the end of 15 days after the date it is due, you will be charged:
  ☐ _____% of the overdue payment
  ☒ 5.000% of the overdue payment of principal and interest (or interest if your payment consists only of interest)
  ☒ not less than U.S. $15.00 and not more than U.S. $N/A

**Filing Fees/Recording Fees:** $53.00

**Prepayment:** If you pay off this loan early, you  ☐ may  ☒ will not  have to pay a penalty, and you  ☐ may  ☒ will not  be entitled to a refund of part of the finance charge.  ☐ If you pay off an FHA insured loan, on a date other than the regular installment date, you may be assessed interest charges until the end of the month.

**Assumption:** Someone buying your home
  ☒ will not be allowed to assume the remainder of this mortgage on the original terms.
  ☐ may, subject to conditions, be allowed to assume the remainder of this mortgage on the original terms.

**Required Deposit:** If lender requires you to maintain a deposit as a condition of the loan, the annual percentage rate does not reflect the effect of the required deposit.

**Property Insurance** is required to obtain credit and may be obtained from anyone you want who is acceptable to this Lender.
  ☒ Property Insurance is not available through Lender.
  ☐ If you obtain Property Insurance from _____, you will pay $_____ for a term of _____.

**CREDIT LIFE AND DISABILITY INSURANCE** are not required to obtain credit and will not be provided at the time of closing. You may be offered these plans after closing, but they are not in effect at this time. No such insurance will be in force until you have completed an application, the insurance company has issued the policy, and the effective date of that policy has been provided.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

*Note: The Payments shown above include reserve deposits for Mortgage Insurance (if applicable), but exclude Property Taxes and Insurance.

I/we acknowledge receipt of a completed copy of this disclosure.
SIGNED AND DATED:

_____  2.24.09
- BORROWER - WYATT GEANS   - DATE -

18.24                        Page 1 of 1