UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WYATT GEANS,

    Plaintiff,

vs.

OXFORD BANK,

    Defendant.
_____/

Civil Action No. 10-CV-13160

Hon. Bernard A. Friedman
Magistrate Judge Mark A. Randon

## OXFORD'S REPLY IN SUPPORT OF ITS RULE 12 MOTION

Oxford Bank, ("Oxford") by and through its attorneys, Walton & Donnelly, P.C., hereby Replies to Plaintiff's Response to Rule 12 Motion, which Oxford construes as a Response to its Motion to Dismiss Plaintiff's Complaint for Lack of Subject matter Jurisdiction and Failure to State a Claim; and, In the Alternative, a Motion to Strike Plaintiff's Complaint; and, in the Further Alternative, a Motion for a More Definite Statement. The facts and legal authority supporting this Reply are stated in the Brief filed in support of this Reply, which Oxford hereby incorporates by reference.

WHEREFORE, Oxford requests that the Court grant the following relief:

1.    Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6);

2.    In the alternative, Strike Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(f);

3.    In the further alternative, order Plaintiff to file a more definite statement pursuant to FRCVP 12(b)(e), specifically regarding the Complaint filed by Plaintiff;

4.    Grant such other relief as the Court deems appropriate.

                                          Respectfully submitted,

                                          WALTON & DONNELLY, P.C.


                                          <u>/s/ Patrick N. Butler</u>
                                          By: Jonathan T. Walton, Jr. (P32969)
                                          Patrick N. Butler (P58762)
                                          1550 Buhl Building
                                          535 Griswold Street
                                          Detroit, MI 48226
                                          (313) 963-8989
                                          jonathan.walton@waltondonnelly.com
                                          patrick.butler@waltondonnelly.com
DATED: September 22, 2010           Attorneys for Oxford Bank

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WYATT GEANS,　　　　　　　　　　　　　Civil Action No. 10-CV-13160

　　　Plaintiff,　　　　　　　　　　　　　　　Hon. Bernard A. Friedman

vs.

OXFORD BANK,

　　　Defendant.
_____/

## OXFORD'S REPLY BRIEF IN SUPPORT OF ITS RULE 12 MOTION

　　　　　　　　　　　　　　　　　　　　　WALTON & DONNELLY, P.C.
　　　　　　　　　　　　　　　　　　　　　Jonathan T. Walton, Jr. (P32969)
　　　　　　　　　　　　　　　　　　　　　Patrick N. Butler (P58762)
　　　　　　　　　　　　　　　　　　　　　1550 Buhl Building
　　　　　　　　　　　　　　　　　　　　　535 Griswold Street
　　　　　　　　　　　　　　　　　　　　　Detroit, MI 48226
　　　　　　　　　　　　　　　　　　　　　(313) 963-8989
　　　　　　　　　　　　　　　　　　　　　jonathan.walton@waltondonnelly.com
　　　　　　　　　　　　　　　　　　　　　patrick.butler@waltondonnelly.com
Dated: September 22, 2010　　　　　　　　Attorneys for Oxford Bank

## **ISSUES PRESENTED**

I. Whether this Court should grant Oxford's Motion to Dismiss pursuant to Fed R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction and pursuant to Fed R. Civ. P. 12(b)(6) for Failure to State a Claim where the Anti-Injunction Act provisions bar Federal Court consideration where Plaintiff seeks Federal Court intervention to prevent inception and continuance of State Court litigation to proceed with eviction of Plaintiff from foreclosed real property?

Oxford answers: "Yes."

II. Whether this Court, in the alternative, should Strike Plaintiff's Complaint pursuant to Fed R. Civ. P. 12(f) and find said Complaint redundant, immaterial, impertinent, or scandalous as defined in Rule 12(f), and award Oxford its costs and attorney fees incurred in these motion proceedings, where Plaintiff has filed his Complaint containing baseless, false and misleading allegations against Oxford in an effort to forestall an eviction process?

Oxford answers: "Yes."

III. Whether this Court, in the further alternative, should order Plaintiff to file a more definite statement pursuant to Fed R. Civ. P.12(e)regarding the Complaint filed by Plaintiff in this matter, and find said Complaint so vague or ambiguous that Oxford cannot reasonably prepare a response, and award Oxford its costs and attorney fees incurred in these motion proceedings, where Plaintiff has filed his Complaint containing baseless, false and misleading allegations against Oxford in an effort to forestall an eviction process?

Oxford answers: "Yes."

## **TABLE OF AUTHORITIES**

**Rules of Procedure**

Fed.R.Civ.P. 7(a)..................................................................................................1

Fed.R.Civ.P. 12(b)(1)........................................................................................i, 3

Fed.R.Civ.P. 12(b)(6)........................................................................................i, 3

Fed. R. Civ. 12(b)(e).............................................................................................3

Fed.R.Civ.P. 12(e).............................................................................................i, 3

Fed.R.Civ.P. 12(f).............................................................................................i, 3

E.D.M. Local Rule 7.1(e)(1)(C)...........................................................................1

**TABLE OF CONTENTS**

ISSUES PRESENTED..................................................................................................... i

TABLE OF AUTHORITIES ......................................................................................... ii

TABLE OF CONTENTS............................................................................................... iii

I.          INTRODUCTION……………………………………………………………..1

II.         REPLY TO PLAINTIFF'S REPSPONSE TO RULE 12 MOTION……………...2

III.        CONCLUSION……………………………………………………........................3

I.  **INTRODUCTION**

Now comes Oxford Bank ("Oxford"), by and through its attorneys, Walton and Donnelly, P.C., and hereby states its Reply to Plaintiff's Response to Rule 12 Motion, which Oxford construes as a Response to its Motion to Dismiss Plaintiff's Complaint for Lack of Subject matter Jurisdiction and Failure to State a Claim; and, In the Alternative, a Motion to Strike Plaintiff's Complaint; and in the Further Alternative, a Motion for a More Definite Statement . Oxford's Reply is brought pursuant to Fed.R.Civ.P. 7(a) and E.D.M. Local Rule 7.1(e)(1)(C). As this Honorable Court is aware, the Plaintiff has filed a *pro per* complaint alleging multiple counts of misconduct against Oxford in relation to the foreclosure of his residence located at 11966 Stark Road, Livonia, Michigan. Plaintiff's home was foreclosed by Oxford on February 3, 2010, and Plaintiff's statutory Six-month right of redemption began to run at that point. Plaintiff's right of redemption terminated on August 3, 2010. Plaintiff then commenced this action on August 9, 2010 by filing a purported complaint with the Court. At the same time, the Plaintiff also filed a Petition for Temporary Injunction, and a Petition for a Restraining Order. The Court *sue sponte* denied the Plaintiff's Motions for a Temporary Restraining Order pursuant to an Order date dated August 19, 2010. Oxford, due partly to the unanswerable nature of Plaintiff's Complaint, and due partly to the Complaint's lack of merit, filed a Motion to Dismiss Plaintiff's Complaint for Lack of Subject matter Jurisdiction and Failure to State a Claim; and, In the Alternative, a Motion to Strike Plaintiff's Complaint; and in the Further Alternative, a Motion for a More Definite Statement. Plaintiff, in the same style as his original pleadings, proceeded to file a document entitled Response to Rule 12 Motion, with an accompanying document entitled Motion for Rule 11 Sanctions. Oxford hereby replies to Plaintiff's Response to Rule 12 Motion.

## II.     REPLY TO PLAINTIFF'S RESPONSE TO RULE 12 MOTION

Plaintiff, in his Response to Rule 12 Motion, and in his accompanying documents, dredges up the same arguments as outlined in his Complaint and in the Motions that were previously denied by the Court. The gist of these arguments is that Oxford, which lent a considerable amount of money to the Plaintiff for the construction and purchase of his former residence, deceived and bilked the Plaintiff during the course of financing the purchase, forced him to sign a mortgage that he couldn't afford and then sought to intentionally foreclose on the property because somehow that would be more profitable for Oxford. Oxford, as detailed in its previously filed Motion and Brief, hereby further denies any impropriety whatsoever in the financing process of Plaintiff's mortgage. Oxford refers the Court to its Motion and Brief previously filed with the Court for the facts and legal authority supporting Oxford's positions.

Oxford first notes that the one and only reason for the foreclosure of the property at 11966 Stark Road is strictly due to the Plaintiff's conduct; specifically, his default on his payment obligations. Not once has the Plaintiff rightfully admitted in his pleadings that he failed in his obligation to make his payments and keep his mortgage current. It is interesting to note that Plaintiff did not bring forth allegations of misconduct when Plaintiff was current on the mortgage and under no threat of foreclosure. Further, it is clear that Plaintiff has brought this action as a way to delay to the pending eviction process. It should be further noted that prior to filing his Complaint, Plaintiff "held over" and resided in the property for at least one year without making a mortgage payment to Oxford. Plaintiff has now effectively stalled the eviction process by filing the complaint in Federal court. This has resulted in a windfall for the Plaintiff. At the time of filing this specific pleading, Plaintiff has gained over 30 days of lodging in his former residence by filing

an indecipherable complaint with Court and stands to gain significantly more time as this case winds through the court process.

Due to the failure of the Plaintiff to pay his mortgage payments, Oxford rightfully and lawfully foreclosed on the subject property pursuant to the power of sale clause in the mortgage documents. As such, Oxford should be allowed to exercise its rights and remedies as allowed by Michigan law and be allowed to proceed with eviction and recovery of the subject property. The allegations made by the Plaintiff in his Complaint, his Motions and his Response should not be a bar to Oxford to recover the subject property, evict the Plaintiff from Oxford's property, and begin to recover its losses. If Plaintiff believes that he has a colorable claim against Oxford for damages due to alleged misconduct, he should continue his litigation to prove his allegations and seek an award of money damages.

As such, Oxford respectfully requests that this Honorable Court grant their Motion to Dismiss Plaintiff's Complaint pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6); in the alternative, Strike Plaintiff's Complaint pursuant to Fed R. Civ. P. 12(f); In the further alternative, order Plaintiff to file a more definite statement pursuant to Fed R. Civ. P. 12(e), specifically regarding the Complaint filed by Plaintiff; and award attorneys fees, sanctions against the Plaintiff and grant such other relief as the Court deems appropriate.

### III.   CONCLUSION

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1. Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6);

2. In the alternative, Strike Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(f);

3. In the further alternative, order Plaintiff to file a more definite statement pursuant to Fed. R. Civ. P. 12(b)(e), specifically regarding the Complaint filed by Plaintiff; and,

4.      Grant such other relief as the Court deems appropriate.

                                  Respectfully submitted,

                                  WALTON & DONNELLY, P.C.

                                  /s/ Patrick N. Butler
                                  Jonathan T. Walton, Jr. (P32969)
                                  Patrick N. Butler (P58762)
                                  1550 Buhl Building
                                  535 Griswold Street
                                  Detroit, MI 48226
                                  (313) 963-8989
Dated: September 22, 2010              Attorneys for Oxford Bank

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WYATT GEANS,

    Plaintiff,

v.

OXFORD BANK,

    Defendants.

_____/

Case No. 10-cv-13160
Hon. Bernard A. Friedman

## CERTIFICATE OF SERVICE

I hereby certify that, on September 22, 2010, I electronically filed (1) Oxford's Reply in Support of its Rule 12 Motion; (2) Oxford's Reply Brief in Support of its Rule 12 Motion; and, (3) this Certificate of Service, using the ECF system.

I also hereby certify that on September 22, 2010, I mailed the same by U.S. Postal Service to Wyatt Geans 11966 Stark Road, Livonia, Michigan 48150.

    Respectfully submitted,

    WALTON & DONNELLY, P.C.

    /s/ Patrick N. Butler
    By: Jonathan T. Walton, Jr. (P32969)
    Patrick N. Butler (P58762)
    1550 Buhl Building
    535 Griswold Street
    Detroit, MI 48226
    (313) 963-8989
    jonathan.walton@waltondonnelly.com

Dated: September 22, 2010    patrick.butler@waltondonnelly.com
    Attorneys for Oxford Bank