UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WYATT GEANS,

    Plaintiff,

vs.

OXFORD BANK,

    Defendant.

Civil Action No. 10-CV-13160

Hon. Bernard A. Friedman
Magistrate Judge Mark A. Randon

_____/

## OXFORD'S RESPONSE TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

Oxford Bank, ("Oxford") by and through its attorneys, Walton & Donnelly, P.C., hereby Responds to Plaintiff's Motion for Rule 11 Sanctions. The facts and legal authority supporting this Response are stated in the Brief filed in support of this Response, which Oxford hereby incorporates by reference.

WHEREFORE, Oxford requests that the Court grant the following relief:

1.     Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6);

2.     In the alternative, Strike Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(f);

3.     In the further alternative, order Plaintiff to file a more definite statement pursuant to Fed. R. Civ. P. 12(b)(e), specifically regarding the Complaint filed by Plaintiff;

4.     Dismiss Plaintiff's Motion for Rule 11 Sanctions;

5.     Sanction Plaintiff pursuant to Fed.R.Civ.P. 11(c)(3); and,

6.     Grant such other relief as the Court deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | WALTON & DONNELLY, P.C. |
|  |  |
|  | /s/ Patrick N. Butler |
|  | By: Jonathan T. Walton, Jr. (P32969) |
|  | Patrick N. Butler (P58762) |
|  | 1550 Buhl Building |
|  | 535 Griswold Street |
|  | Detroit, MI 48226 |
|  | (313) 963-8989 |
|  | jonathan.walton@waltondonnelly.com |
|  | patrick.butler@waltondonnelly.com |
| DATED: September 22, 2010 | Attorneys for Oxford Bank |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WYATT GEANS,

    Plaintiff,

vs.

OXFORD BANK,

    Defendant.

_____/

Civil Action No. 10-CV-13160

Hon. Bernard A. Friedman

## OXFORD'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

Dated: September 22, 2010

WALTON & DONNELLY, P.C.
Jonathan T. Walton, Jr. (P32969)
Patrick N. Butler (P58762)
1550 Buhl Building
535 Griswold Street
Detroit, MI 48226
(313) 963-8989
jonathan.walton@waltondonnelly.com
patrick.butler@waltondonnelly.com
Attorneys for Oxford Bank

## **ISSUES PRESENTED**

I.      Whether this Court should grant Plaintiff's Motion for Rule 11 Sanctions against Oxford for responding to Plaintiff's purported Complaint by filing a Motion to Dismiss pursuant to Fed R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction and pursuant to Fed R. Civ. P. 12(b)(6) for Failure to State a Claim and, In the Alternative, a Motion to Strike Plaintiff's Complaint; and in the Further Alternative, a Motion for a More Definite Statement where Oxford did not file pleadings with the Court for any improper purpose, or with the intent to harass, cause unnecessary delay, or needlessly increase the cost of litigation?

      Oxford answers: "No."

II.     Whether this Court should sanction Plaintiff pursuant to Fed R. Civ. P. 11(c)(3) and find Plaintiff's pleadings, documents and Motion for Rule 11 Sanctions were filed for an improper purpose and filed with the intent to harass, cause unnecessary delay, and to needlessly increase the cost of litigation?

     Oxford answers: "Yes."

# TABLE OF AUTHORITIES

**Cases**

*Business Guides, Inc.* v. *Chromatic Communications Enterprises, Inc.*,
  498 U.S. 533, 548, 112 L. Ed. 2d 1140, 1111 S.Ct. 922 (1991)……..…………………….……3, 4

*Herron* v. *Jupiter Transport*,
  858 F.2d 332, 334-35 (6th Cir. 1988)……………………………………………………….2, 4

**Rules of Procedure**

Fed.R.Civ.P. 5………………………………………………………………………………….....3

Fed.R.Civ.P. 7(b)(1)……………………………………………………………………………….1

Fed.R.Civ.P. 11(b)(1)………………………………………………………………………….....2

Fed.R.Civ.P. 11(b)(2)……………………………………………………………………...……..2

Fed.R.Civ.P. 11(b)(3)……………………………………………………………………………..2

Fed.R.Civ.P. 11(b)(4)……………………………………………………………………………..2

Fed.R.Civ.P. 11(c)(2)……………………………………………………………………………..3

Fed.R.Civ.P. 11(c)(3)………………………………………………………………………...i, 5, 6

Fed.R.Civ.P. 12(b)(1)………………………………………………………………………….i, 6

Fed.R.Civ.P. 12(b)(e)……………………………………………………………………………..6

Fed.R.Civ.P. 12(b)(6)…………………………………………………………………………..i, 6

Fed.R.Civ.P. 12(f)………………………………………………………………………………...6

E.D.M. Local Rule 7.1(c)(1)……………………………………………………………………...1

# TABLE OF CONTENTS

ISSUES PRESENTED ................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

TABLE OF CONTENTS ........................................................................................... iii

I.        INTRODUCTION ................................................................................. 1

II.       STANDARD OF REVIEW ................................................................... 2

III.      ARGUMENT .......................................................................................... 2

      A.   Oxford acted reasonable by filing its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim ..................... 2

      B.   Plaintiff did not act reasonably when he filed his Complaint, related motions, Response to Rule 12 Motion, and Motion for Sanctions. ......... 4

IV.      CONCLUSION ...................................................................................... 6

### I.    INTRODUCTION

Now comes Oxford Bank ("Oxford"), by and through its attorneys, Walton and Donnelly, P.C., and hereby states its Response to Plaintiff's Motion for Rule 11 Sanctions. Oxford brings forth this Response pursuant to Fed.R.Civ.P. 7(b)(1) and E.D.M. Local Rule 7.1(c)(1). As this Honorable Court is aware, the Plaintiff has filed a *pro per* complaint alleging multiple counts of misconduct against Oxford in relation to Oxford's foreclosure of Plaintiff's former residence located at 11966 Stark Road, Livonia, Michigan. The facts of the matter are fairly straight-forward. Plaintiff's home was foreclosed by Oxford on February 3, 2010, and Plaintiff's statutory six-month right of redemption commenced at that point. Plaintiff's right of redemption terminated on August 3, 2010, and Plaintiff proceeded to file his purported Complaint with the Court on August 9, 2010. At the same time, the Plaintiff also filed a Petition for Temporary Injunction, and a Petition for a Restraining Order. The Court *sue sponte* denied the Plaintiff's Motions for a Temporary Restraining Order pursuant to an Order dated August 19, 2010. Oxford, due partly to the unanswerable nature of Plaintiff's Complaint, and due partly to the Complaint's lack of merit, filed a Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim; and, In the Alternative, a Motion to Strike Plaintiff's Complaint; and in the Further Alternative, a Motion for a More Definite Statement. Plaintiff, in the same style as his original pleadings, has proceeded to file a document entitled Response to Rule 12 Motion, with an accompanying document entitled Motion for Rule 11 Sanctions. Oxford hereby responds to Plaintiff's Motion for Rule 11 Sanctions as filed by Plaintiff and attached to Plaintiff's Response to Rule 12 Motion.

## II. STANDARD OF REVIW

The Plaintiff has brought forth a Motion for Rule 11 Sanctions against the undersigned Counsel for Oxford apparently based on the filing of Oxford's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim; and, In the Alternative, a Motion to Strike Plaintiff's Complaint; and in the Further Alternative, a Motion for a More Definite Statement. Rule 11 authorizes imposing sanctions against a litigant "when a reasonable inquiry would have disclosed that the complaint was either lacking in factual support or unwarranted by existing law." *Herron v. Jupiter Transport Co.*, 858 F.2d 332, 334-35 (6th Cir.1988).

## III. ARGUMENT

### A. Oxford Acted Reasonable by Filing Its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim

Counsel for Oxford hereby denies the allegations of impropriety as listed in the Plaintiff's Motion for Rule 11 Sanctions. Counsel for Oxford further denies that any documents signed and filed by Counsel for Oxford were for any improper purpose, or to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed.R.Civ.P.11(b)(1). Counsel for Oxford contends the claims, defenses, and other legal contentions are or were warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed.R.Civ.P.11(b)(2); that the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed.R.Civ.P.11(b)(3); and that the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. Fed.R.Civ.P.11(b)(4). Further, Counsel for Oxford believes Oxford has a right to defend its self, and believes that it did so within the rules of the

Court and in the proper form. The test for whether sanctions under Rule 11 are appropriate is whether the conduct of the litigant was objectively reasonable under the circumstances. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 548, 112 L. Ed. 2d 1140, 111 S. Ct. 922 (1991).

      Counsel for Oxford believes it has more than met the standard set out in *Business Guides*, and acted reasonable and honorably throughout this litigation. Due to the unanswerable nature of Plaintiff's Complaint, and due to the Complaint's lack of merit, Counsel, as duly authorized by Oxford, proceeded to seek dismissal of Plaintiff's Complaint for Lack of Subject Matter and a Failure to State a Claim. Counsel for Oxford believes that under the Federal Rules of Civil Procedure, the Plaintiff does not have a colorable claim that can be brought before this Court. Further, Oxford believes that Plaintiff has failed to properly plead its claims pursuant to the Rules, and outlined its reasoning in detail and length in the Motion and Brief previously filed with the Court. Further, Counsel for Oxford notes that it also sought a Motion for a More Definite Statement due to the unanswerable nature of Plaintiff's pleadings. Plaintiff's purported Complaint was in a form that hindered Oxford's ability to file an answer. As such, Oxford's requests for Dismissal and in the alternative, to Strike or to be granted a more Definite Statement was reasonable conduct on part of Counsel for Oxford and not the type of conduct that Rule 11 was designed to suppress.

      Further, Plaintiff has simply not followed the proper procedures for service of a Rule 11 Motion. As Rule 11 clearly states, the Motion must be served under Fed.R.Civ.P. 5, but must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. Fed.R.Civ.P.11(c)(2). In this matter, Plaintiff failed to serve the Rule 11 Motion on

Oxford prior to filing the Motion with the Court. Oxford only received notice of the Rule 11 Motion when it received the filed documents. As such, Plaintiff failed to provide Oxford an opportunity to withdraw or appropriately correct any challenged document.

Therefore, due to the fact that Counsel for Oxford's conduct did not violate Rule 11, and that the Plaintiff failed to follow the proper procedures regarding service of the Motion, the Court should dismiss Plaintiff's Motion for Rule 11 Sanctions, award Counsel for Oxford monetary sanctions against Plaintiff for improper allegations of Rule 11 violations against Counsel for Oxford and award monetary sanctions to Oxford for having to defend these baseless allegations, and grant Oxford any further relief as the Court deems appropriate.

**B.     Plaintiff Did Not Act Reasonably When He Filed His Complaint, Related Motions, Response to Rule 12 Motion, and Motion for Sanctions.**

Further, Counsel for Oxford is troubled by the Plaintiff's heavy handed use of Rule 11 sanctions in this litigation. The purpose of Rule 11 is to deter abuse of the legal process by discouraging dilatory or abusive tactics and lessening frivolous claims and defenses. *Herron*, 858 F.2d at 336. Counsel for Oxford notes that Plaintiff is representing himself *pro per*; as such, it is fairly obvious that Plaintiff is not formally educated in law and the rules of civil procedures. However, Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard." Further, "any signer must conduct a 'reasonable inquiry' or face sanctions." *Business Guides, Inc.*, 498 U.S. at 551. Pursuant to his filings, Plaintiff has elected to represent himself in these matters and has taken it upon himself to allege that the responsive pleadings filed by Counsel for Oxford to the meritless Complaint filed by Plaintiff violate Rule 11. As such, Plaintiff has therefore put his conduct into the spotlight and faces serious questions as to the

4

reasonableness of his actions and whether the Court, pursuant to Fed.R.Civ.P.11(c)(3), should find that *Plaintiff's* filings violates Rule 11.

In fact, Counsel for Oxford cannot help but consider that all of Plaintiff's pleadings violate Rule 11, and were filed specifically for an improper purpose, and with specific intent to harass, cause unnecessary delay and to needlessly increase the cost of litigation. Further, it is clear that Plaintiff's invocation of Rule 11 is a furtherance of his abuse of the legal process. As stated, by operation of law, Oxford is the legal owner of Plaintiff's former residence. It is clear that the sole purpose of Plaintiff's Complaint was to delay the eviction process that was forthcoming after the expiration of the Plaintiff's redemption period.

Further, there is little doubt that there has been a massive increase in the amount of foreclosures in Michigan and other states. There is indeed a housing crisis throughout the United States. This should not mean that former homeowners should inundate the Courts with baseless filings intended to gum up the works and slow down legal processes so they can continue their illegal occupation of bank owned homes. If Plaintiff is allowed to institute Rule 11 sanctions against Counsel for Oxford, the courts will soon be flooded with similar claimants whose sole intentions will be to delay banks, and not to meritously litigate disputes. Plaintiff, accordingly, should be held to a strict reading of Rule 11, to deter similar meritless filings.

As such, based on the above, it is appropriate that this Court, in addition to dismissing Plaintiff's pleadings, order a bar to any further frivolous filings by the Plaintiff, and to also award Counsel for Oxford monetary sanctions against Plaintiff for improper allegations of Rule 11 violations against Counsel for Oxford and for Oxford to have to defend these baseless allegation and grant Oxford any further relief as the Court deems appropriate.

## IV.   CONCLUSION

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1. Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6);

2. In the alternative, Strike Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(f);

3. In the further alternative, order Plaintiff to file a more definite statement pursuant to Fed. R. Civ. P. 12(b)(e), specifically regarding the Complaint filed by Plaintiff;

4. Dismiss Plaintiff's Motion for Rule 11 Sanctions;

5. Sanction Plaintiff pursuant to Fed.R.Civ.P. 11(c)(3); and,

6. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

WALTON & DONNELLY, P.C.

/s/ Patrick N. Butler
Jonathan T. Walton, Jr. (P32969)
Patrick N. Butler (P58762)
1550 Buhl Building
535 Griswold Street
Detroit, MI 48226
(313) 963-8989
jonathan.walton@waltondonnelly.com
patrick.butler@waltondonnelly.com

Dated: September 22, 2010     Attorneys for Oxford Bank

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WYATT GEANS,

    Plaintiff,

v.

    Case No. 10-cv-13160
    Hon. Bernard A. Friedman

OXFORD BANK,

    Defendants.

_____/

## CERTIFICATE OF SERVICE

I hereby certify that, on September 22, 2010, I electronically filed (1) Oxford's Response to Plaintiff's Motion for Rule 11 Sanctions; (2) Oxford's Brief in Support of its Response to Plaintiff's Motion for Rule 11 Sanctions; and (3) this Certificate of Service, using the ECF system.

I also hereby certify that on September 22, 2010, I mailed the same by U.S. Postal Service to Wyatt Geans 11966 Stark Road, Livonia, Michigan 48150.

    Respectfully submitted,

    WALTON & DONNELLY, P.C.

    /s/ Patrick N. Butler
    By: Jonathan T. Walton, Jr. (P32969)
    Patrick N. Butler (P58762)
    1550 Buhl Building
    535 Griswold Street
    Detroit, MI 48226
    (313) 963-8989
    jonathan.walton@waltondonnelly.com

Dated: September 22, 2010
    Patrick.butler@waltondonnelly.com
    Attorneys for Oxford Bank