UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WYATT GEANS,

        Plaintiff,                CIVIL ACTION NO. 10-13160

        v.                      DISTRICT JUDGE BERNARD A. FRIEDMAN

OXFORD BANK,                MAGISTRATE JUDGE MARK A. RANDON

        Defendant.

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
OXFORD BANK'S MOTION TO DISMISS (DKT. 10), DENY PLAINTIFF'S
MOTION FOR SANCTIONS (DKT. 14) AND DENY PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DKT. 22)**

This is a consumer lending action. Acting *pro se*, Plaintiff Wyatt Geans ("Plaintiff") makes various allegations concerning a February 24, 2009, residential mortgage transaction that he entered into with Defendant Oxford Bank ("Oxford"). After Plaintiff defaulted on his mortgage obligations, Oxford purchased the property and land (which secured the mortgage) at a foreclosure sale. Plaintiff filed the instant action, on August 10, 2010, almost a year and a half after the closing date of his mortgage.

Although Plaintiff's allegations are not clearly spelled out in his complaint, he appears to assert federal claims for violations of: (a) the Truth In Lending Act ("TILA"); (b) the Home Ownership and Equity Protection Act ("HOEPA"); and (c) the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff also alleges state law claims of: (d) breach of fiduciary duty; (e) negligence/negligence per se; (f) common law fraud; (g) breach of the implied covenant of good faith

-1-

and fair dealing; and (h) intentional infliction of emotional distress ("IIED")  *See generally*, Complaint (Dkt. 1, lines 537-654).

On August 18, 2010, the Court referred all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b)(1) (Dkt. 6).   There are three motions before the Court: (1) Oxford's motion to dismiss or, alternatively, to strike Plaintiff's complaint (Dkt. 10); (2) Plaintiff's motion for sanctions (Dkt. 14); and (3) Plaintiff's  motion for leave to file an amended complaint (Dkt. 22).   The Court held oral argument on Oxford's motion to dismiss on October 26, 2010.   Following the hearing, the undersigned required additional briefing from Oxford regarding the applicability of the one year statute of limitations to Plaintiff's federal claims (TILA, HOEPA and RESPA).   The undersigned provided Plaintiff an opportunity to respond to Oxford's supplemental brief. (Dkt 20)   Rather than respond, Plaintiff moved for leave to amend his complaint.   The undersigned finds that Plaintiff's federal claims are barred by the statute of limitations and that jurisdiction should be declined regarding his state law claims.   Therefore, it is **RECOMMENDED** that Oxford's motion to dismiss (Dkt. 10) be **GRANTED** and that Plaintiff's case be dismissed.    It is **FURTHER RECOMMENDED** that Plaintiff's motion for sanctions (Dkt. 14), Plaintiff's motion for leave to file an amended complaint (Dkt. 22) and Oxford's motion to strike be **DENIED**.

## I.  FACTUAL BACKGROUND

Plaintiff and Beverly Carriere, a single woman, obtained a construction loan from Oxford to build a house located at 11966 Stark Road, Livonia, Michigan (the "Property").   On February 24, 2009, the construction loan was converted to a conventional mortgage in the amount of $176,875.00. (Dkt. 10, Ex. 2)   Unable to make the loan payments as they became due, Plaintiff defaulted on the loan.   Pursuant to the power of sale clause contained in the mortgage, Oxford commenced

foreclosure proceedings on the Property.  After publishing notice of its intent to foreclose, Oxford

purchased the Property at a foreclosure sale.  Plaintiff failed to redeem the property within the six-

month statutory period, which ended on August 3, 2010.  This suit was filed on  August 10, 2010,

along with a Petition for Restraining Order and a Petition for a Temporary Injunction, both of which

were denied by Judge Bernard Friedman, on August 19, 2009. (Dkt. 7)

     Plaintiff's complaint is almost identical to a "canned" brief available over the internet at

www.scribd.com/doc/36849128.  Like its prototype, Plaintiff's complaint is replete with references

to irrelevant "facts" and allegations; it also contains multiple references to defendants, though it

names but one.

## II.  DISCUSSION

### *A. Standard of Review*

     Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon

which relief can be granted.  As the Supreme Court has recently made clear, "to survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for

relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (holding that

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."), quoting *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  Although the

pleader is given the benefit of the doubt as to inferences that can be derived from the allegations, that

deference "does not extend to facts which are not 'well-pleaded.'"  *Greenberg v. Compuware Corp.*,

889 F.Supp. 1012, 1015-1016 (E.D. Mich. 1995).

> Inasmuch as a court 'need not accept as true legal conclusions or
> unwarranted factual inferences * * * the sufficiency of a complaint
> may be tested after all unsupported, conclusory allegations are
> excised. If what remains does not include direct or inferential

> allegations of fact respecting all of the material elements of a cause
> of action, then dismissal pursuant to Rule 12(b)(6) is warranted. *Id.*,
> quoting, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th
> Cir. 1987).

A court may consider a document that is not formally incorporated by reference or attached to a complaint if the document is referred to in the complaint and is central to the plaintiff's claim. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). The court's consideration of the document does not require conversion of the motion to one for summary judgment. *Id.* A court may also consider "matters of public record" when considering a motion to dismiss under Rule 12(b)(6). *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, a court may use its discretion in dismissing a pleading if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### B. Defendant's Motion To Dismiss Should Be Granted

#### 1. Plaintiff's TILA, HOEPA and RESPA Claims Are Time-Barred.

Defendant asserts that Plaintiff's TILA, HOEPA and RESPA claims are each barred by their respective one-year statute of limitations. Defendant's argument is well-taken. TILA, 15 U.S.C. § 1601 *et seq.*, "was enacted promote the informed use of credit by consumers by requiring meaningful disclosure of credit terms. *Begala v. PNC Bank, Ohio, N.A.*, 163 F.3d 948, 950 (6th Cir. 1998). The primary purpose of Congress in adopting TILA was to provide disclosure of credit terms to

-4-

consumers.  Pursuant to 15 U.S.C. § 1640(e), "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

HOEPA, 15 U.S.C. §§ 1602(aa) and 1639, an amendment to TILA, was enacted to address specific deceptive and unjust practices in home equity borrowing.  The Act establishes requirements for certain loans with high interest rates and/or high fees.  HOEPA claims are subject to the same one year limitations period as TILA claims. *Mills v. Equicredit Corp.*, 172 Fed.Appx. 652, 653 (6th Cir. 2006).

RESPA, 12 U.S.C.§ 2601 *et seq.*, requires lenders to disclose all settlement costs, practices and relationships.   The Act also prohibits "kickbacks" and the receipt of unearned fees between lenders and third-party settlement service agents.  12 U.S.C. § 2607(a).  RESPA claims are also subject to a one-year statute of limitations, which begins to run "from the date of the occurrence of the violation." *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 n. 7 (6th Cir. 2009).

Under certain limited circumstances, the one-year statute of limitations for TILA, HOEPA and RESPA claims are subject to equitable tolling.  "In order to establish equitable tolling by the doctrine of fraudulent concealment, [Plaintiff] must allege and establish that: 1) [Defendant] concealed the conduct that constitutes the cause of action; 2) [Defendant's] concealment prevented [Plaintiff] from discovering the cause of action within the limitations period; and 3) until discovery, [Plaintiff] exercised due diligence in trying to find out about the cause of action." *Id*. at 422 (citations omitted).

Defendant notes that the "occurrence of the violation" at issue in this case happened on February 24, 2009.  Plaintiff did not file this action until August 10, 2010 – nearly a  year and a half

later.  Other than to suggest, in a conclusory manner, that he is entitled to relief, Plaintiff has not alleged any facts to support an equitable tolling of the statute of limitations in this case.  In addition, the record presents no evidence of TILA, HOEPA or RESPA violations.  To the contrary, on February 24, 2009 – the date Plaintiff closed on the mortgage at issue – he apparently signed, *inter alia*, the following disclosure documents: a "Federal Truth in Lending Disclosure Statement"; and a "HUD-1A (2/94) ref RESPA" form (Settlement Statement) (Dkt. 21, Ex. 2).  Plaintiff also signed several good faith estimate documents before the closing date of his mortgage. (Dkt. 21, Exs. 3-6)  As such, equitable tolling is not warranted and Plaintiff's TILA, HOEPA and RESPA claims are barred by their respective one-year statute of limitations period.  *See Lancaster v. Countrywide Home Loans, Inc.*, No. 09-12198, 2009 WL 2584736, 5 (E.D. Mich. Aug. 19, 2009) (Cleland, J.) (With respect to statutory damages for a TILA violation, "[p]laintiff obtained her 2006 Loan in May of 2006 and did not file the instant lawsuit until April 2009.  The statutory period has run, and therefore, damages for Plaintiff's May 2006 loan are barred."); *Keith v. Countrywide Home Loans, Inc.*, No. 08-13398, 2009 WL 1324904, *2 (E.D. Mich. May 12, 2009) (Friedman, J .) ("Plaintiffs' mortgage originated on May 27, 2004[,] but they did not bring this action until August 5, 2008, well after the statute of limitations for bringing a TILA claim had expired.  As a result, Defendants are entitled to summary disposition on all TILA claims in the Amended Complaint.").  Further, given that the undersigned gave Plaintiff an opportunity to respond to Oxford's original and supplemental briefing but Plaintiff also failed to challenge the authenticity of the disclosure documents *bearing*

*his signature*, allowing Plaintiff to amend would be futile and his motion seeking leave to do so should be denied.[1]

### C.  The Court should decline to exercise supplemental jurisdiction Plaintiff's remaining state law claims

Plaintiff's remaining allegations are state law claims.  This Court should decline to exercise jurisdiction over these claims.  "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits."  *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Therefore, it is recommended that any remaining state law claims be dismissed, without prejudice to them being re-filed in a state court of appropriate jurisdiction.[2]

---

[1] Plaintiff also seeks leave to amend to add a claim that Oxford is not "the real party at interest." (Dkt. 22, p. 1).  However, Plaintiff fails to allege any facts in support of this conclusory allegation – such as the identity of the "real party at interest," or even that Oxford assigned the mortgage to a third party.  It is clear that Oxford provided the original construction loan and the subsequent conventional mortgage. (Dkt. 10, Exs. 1 and 2)  Oxford also foreclosed on the mortgage and purchased the property at the foreclosure sale. (Dkt. 10, Exs. 3, 4 and 5)  Thus, Oxford does not appear to have ever assigned its interest in the Property, and leave to amend should not be granted on this basis.

[2] While the dismissal should be without prejudice, Defendant's state law claims also appear to lack in merit.

### III.  CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Oxford's motion to dismiss be **GRANTED**, that Plaintiff's motion for sanctions[3] and its motion for leave to amend be **DENIED** and that Oxford's motion to strike be **DENIED**, as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless,

---

[3]  Ironically, in another canned brief, Plaintiff's requests the imposition of sanctions against defense counsel because "he did not make a reasonable inquiry into the facts or law before filing the answer." (Dkt. 14, p. 2) Oxford did not file an "Answer."  It filed as its responsive pleading the instant motion to dismiss.  In any event, the motion for sanctions is based upon the same alleged wrongful conduct set forth in Plaintiff's complaint and should be similarly rejected.

by motion and order, the page limit is extended by the court.  The response shall address  each issue

contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: January 10, 2011

***Certificate of Service***

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date,*
*January 10, 2011, by electronic and/or first class U.S. mail.*

s/Melody R. Miles
*Case Manager to Magistrate Judge Mark A. Randon*

Copies mailed to:

**Wyatt Geans**

11966 Stark Road
Livonia, MI 48150